Eddie K. BAKER, Plaintiff-Appellant,

v.

Otis R. BOWEN, M.D., Secretary of
Health & Human Services,
Defendant–Appellee.

Elwyn R. SHUGART,
Plaintiff–Appellant,

v.

Otis BOWEN, M.D., Secretary of
Health & Human Services,
Defendant–Appellee.

David W. STIBBINS,
Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D., Secretary, Dept.
of Health & Human Services,
Defendant–Appellee.

Thomas E. MACHEN,
Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D., Secretary of
Health & Human Services,
Defendant–Appellee.

Mary F. PHILLIPS, Plaintiff-Appellant,

v.

Otis R. BOWEN, M.D., Secretary of
Health & Human Services,
Respondent–Appellee.

Nos. 86–1620, 87–1422, 87–1133, 87–1246,
87–1247 and 87–1401.

United States Court of Appeals,
Fifth Circuit.

March 14, 1988.

Joe Smith, Foreman, Boudreaux, Smith & Johnson, Dallas, Tex., for plaintiffs-appellants in Nos. 86–1620, 87–1422 and 87–1401.

Carl Weisbrod, Weisbrod & Weisbrod, Dallas, Tex., for plaintiffs-appellants in Nos. 87–1133, 87–1247 and 87–1246.

Karen J. Sharp, Patrick A. Hudson, John M. Gough, Attys., Office of the General Counsel, Dallas, Tex., for defendant-appellee in No. 86–1620.

Karen J. Sharp, Dept. of HHS, Dallas, Tex., for defendant-appellee in No. 87–1422.

John M. Gough, Asst. Reg. Counsel, Region VI, Dallas, Tex., for defendant-appellee in Nos. 87–1133 and 87–1246.

John M. Gough, Patrick A. Hudson, Dallas, Tex., for defendant-appellee in No. 87–1247.

Karen J. Sharp, Atty., Office of General Counsel, Charles D. Cabaniss, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for defendant-appellee in No. 87–1401.

Before CLARK, Chief Judge, JOLLY and JONES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

These five cases, consolidated on appeal, challenge the failure of district courts in the northern district of Texas to award attorney's fees above the statutory limit of $75 an hour prescribed by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. These appellants also urge the need for uniformity in fee awards among various federal courts in Dallas. We hold that, as a usual matter, the statutorily set ceiling of $75 permits upward adjustment only in the rarest circumstances. However, the two exceptions to the ceiling specifically expressed in the statute—cost of living and the limited number of attorneys available to handle these cases—may justify general increases. We further hold that a determination of the appropriateness of such increases should be uniform in the Dallas federal courts. Thus, if it is clearly demonstrated that the number of attorneys available to handle these cases is so limited that access to the courts is being denied or that cost-of-living increases justify raising the set hourly rate, then the district court should conservatively adjust the rate accordingly. Finally, because the efficient administration of justice requires that these two factors be applied to each case uniformly, we remand these five cases to direct such a result.

I

As a result of various disabilities, each of the appellants here petitioned for social security benefits. These benefits were denied and, after exhausting their administrative remedies, the appellants filed in federal district court where they eventually prevailed and were awarded benefits. Each party then petitioned for attorney's fees under the EAJA. In each case, the district court awarded fees at the statutory limit of $75 an hour, but refused to exercise discretion to award fees in excess of that amount. Although the bases of their claims vary, all the petitioners believe they are entitled to fees above $75 an hour (up to the market rate of $125 an hour) and challenge the district courts' decisions.

At the outset, we recognize that each case presents its own facts and issues, and we note briefly the claims of each petitioner. Three cases raise issues that pertain only to their own cases. Petitioners Shugart and Baker question the district court's determination that they were not entitled to attorneys' fees for time spent in district court prior to remand. Petitioner Phillips claims that the district court erred in failing to award market rate fees for the Secretary's alleged bad-faith dealings in administering her claim.

The remaining issues deal with special factors alleged by each plaintiff which they claim require an upward adjustment of attorneys' fees. Two such factors, the cost-of-living increase and limited availability are specifically mentioned in the statute. At least one is raised by each petitioner. Several of the petitioners also allege special factors that are not mentioned in the statute, but which they argue require upward adjustments in attorneys' fees for their particular claims.[1]

To the extent necessary, we address the individual issues raised by Baker and Shugart concerning attorneys' fees for time in court prior to remand, and by Phillips concerning the "bad faith" exception, before turning to the issues common to all the petitioners. As a preliminary matter, however, we begin with a brief overview of the EAJA and its relevant provisions.

II

The EAJA, 28 U.S.C. § 2412, provides a mandatory attorney's fee award for a prevailing party that meets certain finan-

---

1. Specifically, Phillips requests an upward adjustment on the bases of delay in time of payment, contingent nature of success, and limited availability of attorneys, in addition to the bad-faith factor. Baker asserts inflation, delay in payment and the contingent nature of success.

Machen and Stibbens allege the special expertise of the attorney, delay in payment, contingent nature of success and limited availability of attorneys. Finally, Shugart cites the limited availability of attorneys to justify his request for increased fees.

cial eligibility requirements.[2] Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust. *Herron v. Bowen,* 788 F.2d 1127 (5th Cir.1986).

■ The EAJA was originally enacted with a sunset provision, but was reenacted and amended in 1985. These amendments make clear that the government bears the burden of proving substantial justification, both in its litigation position and its posture during the underlying administrative proceedings. "The test of whether or not a government action is substantially justified is essentially one of reasonableness." *Knights of the Ku Klux Klan Realm of Louisiana v. East Baton Rouge Parish School Board,* 679 F.2d 64, 68 (5th Cir. 1982). When a claim for attorney's fees is made, the government has the burden of showing that its position in every stage of the proceedings was substantially justified by demonstrating that its actions had a reasonable basis both in law and fact. The EAJA provides that "Attorneys fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.". 28 U.S.C. § 2412(d)(2)(A)(ii).

■ The EAJA also provides a "bad faith and common benefit/common fund" provision for discretionary awards in section 2412(b).[3] Unlike the "special factors provision" discussed above, this section permits a court to award attorney's fees and costs against the government to the same extent that it may award fees in cases involving other parties (i.e., the market rate). The prevailing party may qualify for awards under section 2412(b) in excess of $75 an hour without proving the existence of special factors noted in section 2412(d), that is, cost of living, etc., because this section has no fee-limiting provision. *See KKK,* 679 F.2d at 64. In addition, section 2412(c)(2) provides that, if acting in bad faith, the administrative body itself, rather than the Treasury, is liable for these fees. *Action on Smoking and Health v. CAB,* 724 F.2d 211, 217 (D.C.Cir.1984). Fees awarded under section 2412(b), however, are not mandatory. Most courts have applied the "bad faith" exception very narrowly. *See, e.g., Action on Smoking,* 724 F.2d at 217.

---

**2.** 28 U.S.C. § 2412 states in pertinent part:

 (b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party.... The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

 (c) ....

 (2) ... if the basis for the award is a finding that the United States acted in bad faith, then the award shall be paid by any agency found to have acted in bad faith and shall be in addition to any relief provided in the judgment.

 (d)(1)(A) ... a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.....

 (d)(2)(A) For the purposes of this subsection—

... (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee....

**3.** Section 2412(b) states in pertinent part:

 Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses *to the same extent that any other party would be liable under the common law* or under the terms of any statute which specifically provides for such an award.

(Emphasis added.) Courts interpret the phrase, "to the extent that any other party would be liable under the common law" in this section to provide the common benefit and bad-faith exceptions.

## III

We first address the claims of petitioners Baker and Shugart that the district court erred when it denied them attorneys' fees for time spent in district court prior to remand. Both Shugart's and Baker's cases were originally remanded by the district court to the Secretary of Health and Human Services for further proceedings. Shugart and Baker finally prevailed on the merits on their second trip to the district court. Baker applied for attorney's fees at the close of each case. (Baker's first appeal, No. 86–1620, was stayed pending resolution of the remand and is now consolidated with the second action, No. 87–1422.) Shugart applied for attorney's fees only once, after his second district court appeal.

■ The district court found that the Secretary's position was substantially justified until the remand so that they were not prevailing parties at that point. It is clear from rulings in this and other circuits that a plaintiff is not a prevailing party until a judgment is entered in his favor. Once a plaintiff prevails on the merits, however, he is entitled to attorney's fees for all time spent in federal court on the prevailing issues both before and after remand. *See Linn v. Chivatero,* 790 F.2d 1270 (5th Cir. 1986); *Brown v. Secretary of Health and Human Services,* 747 F.2d 878 (5th Cir. 1984); *McGill v. Secretary of Health and Human Services,* 712 F.2d 28 (2d Cir.1983). The finding at trial that there was no substantial evidence to support the Secretary's decision does not necessarily or automatically mandate an award of attorney's fees. As a general proposition, however, if the case lacks substantial evidence, and does not turn on mere evidentiary ambiguities or involve novel legal principles, "the absence of support for the Secretary's decision in this case is at once an absence of justification for her position." *Herron,* 788 F.2d at 1132.

■ We find that the reasoning and language of *Herron* applies here. Once a favorable judgment has been reached on an issue, the plaintiff is entitled to attorney's fees for both the remand and final appeal. The only exception to this rule is "where the claims asserted are truly fractionable counsel should be compensated only for work on those distinct claims that prevailed." *Action on Smoking and Health v. CAB,* 724 F.2d 211, 216 (D.C.Cir.1984) (citations omitted). Thus, in this case both Baker and Shugart have prevailed on the merits and are now entitled to fees for all the time spent in federal court, both before and after the remand.

## IV

■ The plaintiff in *Phillips v. Bowen* argues she is entitled to market-rate attorney's fees because the Secretary acted in bad faith during both the administration and litigation of her claim.

Although "bad faith" is not defined in the Act itself, the EAJA House Report states that "the bad faith exception allows an award where the losing party has ... acted in bad faith, vexatiously, wantonly or for oppressive reasons." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4987. *See also Schuenemeyer v. United States,* 776 F.2d 329, 333 (Fed.Cir.1985). This is the standard we apply here to determine whether attorneys' fees are appropriate under section 2412(b).

Phillips' bad-faith claim is based upon the fact that the tape recording of her hearing before the administrative law judge ("ALJ") was lost, and, Phillips alleges, both the Secretary and Administrative Appeals Council deliberately concealed this fact. She argues first that by affirming the decision of the ALJ without this tape, the Appeals Council violated its duty to review the record. *See* 20 C.F.R. 404.976(b) and 404.-979; *Carry v. Heckler,* 750 F.2d 479 (5th Cir.1985). Phillips further argues that without the tapes, the Secretary knew or should have known that the district court would have to remand the case for additional hearings if Phillips filed the claim. But instead of initiating additional proceedings *sua sponte,* the Secretary attempted to conceal the error even after the case was in district court, and requested extensions to "develop the record," knowing that the

tapes could not be located. Phillips contends that this behavior merely compounded the error and created unnecessary delay and litigation costs. Finally Phillips claims that the Secretary's refusal to recognize her as a prevailing party and pay court costs after she was granted benefits in a second administrative proceeding also constitutes bad faith.

The district court denied an award for bad faith because, it reasoned, the petitioner could have easily determined that the hearing tape was missing by making a routine request, under 20 C.F.R. 404.974, for a copy of the tape and that the government had no duty to notify the plaintiff about the missing tape. Phillips argues on appeal that this potential relief is irrelevant since she, unlike the Appeals Council, had no duty to request the tape.

 The Social Security Act requires that all decisions of the Appeals Council be based upon "the evidence adduced at the hearing," 42 U.S.C. § 405(b). Federal regulations further require that the Appeals Council review all the evidence in the hearing record. The Appeals Council nevertheless upheld the denial of benefits without reviewing the tape, a fact which the Secretary does not dispute. We therefore hold that the Appeals Council failed to fulfil this statutory duty when it affirmed the ALJ, perfunctorily and automatically, without reviewing all the evidence, and that for purposes of awarding attorneys' fees this constitutes bad faith in cases in which the Secretary, after suit is filed, determines that benefits should have been granted. Clearly, had the Appeals Council reviewed the tape initially, as was its duty, there would have been no litigation in this case. We therefore find that the district court abused its discretion in not granting fees to Phillips under the bad-faith exception, and remand her case to the district court for a determination and award of the fee at an appropriate market rate in the discretion of the district court. Since Phillips is now entitled to attorney's fees at a rate not set by the statute, her claims for excess attorney's fees under the special factors provision is moot, and we therefore sever *Phillips* from the rest of the cases before this court.

## V

We now turn to address the issues that are common among the consolidated cases, that is, whether the district court abused its discretion in rejecting the plaintiff's claim for upward adjustment of the $75 ceiling under the "special factors provision" of section 2412(d)(2)(A)(ii). Because the statute specifically mentions only two factors—cost-of-living increases and the limited availability of attorneys—we will discuss these factors separately after first addressing the general application of section 2412(d)(2)(A)(ii) as it relates to those claims before us that are not mentioned in the statute—delay in time of payment, the contingent nature of success, and the special expertise of the attorney.

Courts vary in their interpretation of the EAJA provision for upward adjustment of the statutory attorney's fee rate but most generally agree that the $75 rate is to be adjusted for special factors only in rare circumstances. The purpose of section 2412(d) is to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers. *See Action on Smoking,* 724 F.2d at 217.

 This circuit stated only recently that "although under the EAJA, 'a special factor, such as the limited availability of qualified attorneys' may justify a higher fee, it is nonetheless clear that the $75 hourly rate is a statutory ceiling and not a floor." *In re Estate of Lee,* 812 F.2d 253, 257 (5th Cir.1987) (citations omitted). Consequently, increases above that rate, although permissible, should be awarded sparingly and only after particularized and careful analysis of the individual facts of the case. Moreover, as we have also previously stated, the district court's decision on whether to increase an award is reviewed only on an "abuse of discretion" standard. "The basic role of this court is merely to review a fee award or denial of an award under the EAJA, modifying it only if the failure to make the award, or calculation of

the amount of the award, was an abuse of discretion." *KKK*, 679 F.2d at 68; *see also Russell v. National Mediation Board*, 764 F.2d 341 (5th Cir.1985).

We therefore find that in general, determination of special factors is an issue expressly within the discretion of the district court to be performed consistent with the policy of increasing the fee only in unusual circumstances. Such factors as contingent fees, expertise of attorneys, and delay in payment will arise only rarely and will be unique to the fact situation of a particular case. After reviewing the record in each of the cases here, we find no abuse of discretion in the district courts' failure to award excess attorney's fees on the basis of the special factors presented.

## VI

### A.

We now address the application of section 2412(d) to the two factors specifically mentioned by the statute—cost of living and the limited availability of attorneys. The results of cases in the Dallas area, like these on appeal, show what disparity and even chaos, can arise from the failure to make a uniform determination on these two issues. Often the increased award depends solely upon the amount of documentation the attorney can present as evidence to justify the increased award. At other times, essentially the same evidence yields different results, depending upon the judge who reviews it. A sampling of social security cases decided in the Northern District of Texas, Dallas Division since July 1987 shows that out of six cases, cost-of-living increases were granted in three (at two different rates), denied in one and not addressed in one. The "limited availability" factor was accepted in one court and denied in another. The resultant confusion creates added difficulty for magistrates trying to interpret these rulings in a consistent manner. *Compare Johnson v. Bowen*, CA–3–84–95–G (attorney's fees limited to statutory ceiling on basis of district judge's ruling), and *Herron v. Secretary*, (district judge adopts magistrate's finding that excess fees should be awarded). Fee awards,

based upon virtually identical factors and supporting affidavits have ranged from $75 to $125, depending not upon the relative merits of the claims, but simply upon the fact that judges make inconsistent rulings, and fail to take into account what other courts in the same division have done. Moreover, the courts have failed to give any rational explanation for the inconsistencies among these judgments. Yet it is unmistakably clear that, unlike determinations of other "special factors," the cost of living and the availability of attorneys are problems that affect each litigant within a district to the same degree. Thus, the inconsistencies among the fee awards in the Dallas division cannot be swept away by the need for case-by-case determinations. These problems either create a need for increased fees or they do not.

Section 2412(d) serves a dual purpose: to ensure adequate representation for those who need it *and* to minimize the costs of this representation to taxpayers. We should not lose sight of either goal when awarding fees under the "special factors provision." We recognize, however, that Congress specifically provided for awards in excess of $75 an hour when the cost of living or the limited availability of attorneys justifies a higher fee. By specifically mentioning cost-of-living and limited-availability factors, Congress evidenced its intent that these factors could, upon proper findings, be reflected in an adjusted rate. These two factors require a uniform determination in order to avoid a multiplicity of conflicting views within the Dallas courts and the resulting confusion and bewilderment among the bar and litigants.

### B.

Regarding the factor of the cost of living, the Secretary argues that Congress' failure to adjust the $75 limit for inflation when the Act was reenacted in 1985 indicates legislative intent that the courts should not award fees in excess of the statutory maximum, or alternatively that the cost-of-living increase is not automatic. *See Barry v. Heckler*, 638 F.Supp. 444, 448 (N.D.Cal.1986). This interpretation is consistent with *Chipman v. Secretary of Health and Human Services*, 781 F.2d

545, 547 (6th Cir.1986), in which the Sixth Circuit held that since Congress did not raise the $75 maximum when it reenacted the law in 1985, it was not an abuse of discretion for the district court to refuse to exceed that rate even though the cost of living might have risen since the enactment of the EAJA in 1981.

Nevertheless, we hold, consistent with the great weight of authority, that Congress did intend to provide an allowance for a cost-of-living increase. If Congress had intended to deny such relief, that language in the statute would presumably have been deleted, not reenacted. Clearly, "[t]he cost of living language reflected congressional awareness that, with inflation, the fee-limiting provision could defeat the purpose of the statute." *Action on Smoking,* 724 F.2d at 217. Further, the intended effect of reenactment of this section of the EAJA was to treat the act as if it had never expired. *Allen v. Bowen,* 821 F.2d 963 (3d Cir.1987). On this basis, the majority of federal courts have held that the cost-of-living adjustment of $75 an hour should be measured from the date of enactment of the EAJA in 1981 not the reenactment in 1985. *See Allen v. Bowen; Hirschey v. F.E.R.C.,* 777 F.2d 1, 5 (D.C. Cir.1985); *Trichillo v. Secretary of Health & Human Services,* 647 F.Supp. 125 (N.D. N.Y.1986), *aff'd* 823 F.2d 702 (2d Cir.1987); *Sierra Club v. Marsh,* 639 F.Supp 1216 (D.Me.1986), *aff'd* 820 F.2d 513 (1st Cir. 1987); *Jackson v. Heckler,* 629 F.Supp. 398 (S.D.N.Y.1986); *Carrion v. Barven,* 83–4115 (E.D.Pa. Nov. 21, 1986).

We note, however, that while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely *require* it. Clearly, by mentioning it in the statute, Congress intended that the cost of living be seriously considered by the fee-awarding court. Except in unusual circumstances, therefore, if there is a significant difference in the cost of living since 1981 in a particular locale that would justify an increase in the fee, then an increase should be granted. But the rule does not necessarily require that attorneys' fees awards track the cost-of-living index for the geographical area. Although this indicator is certainly significant, it may not be conclusive; such a decision is within the discretion of the district court. In order to satisfy both goals of the provision, however, rates should be increased only to the extent necessary to ensure an adequate source of representation and should never exceed the percentage by which the market rate attorneys' fees have increased since the statute was enacted in 1981. At that time, Congress believed $75 was a sufficient rate for awards under the Act. By permitting cost-of-living increases, Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with seventy-five dollars in 1981, but no more. The adjustment for cost of living must be given the same careful and considered analysis and justification required for other special factors. The only difference in the analysis is obviously that the decision is not an *individualized* one.

## C.

Finally, we address the "limited availability" factor as it applies to attorneys' fees awards in social security cases. As the petitioners argue on appeal, the lack of consensus among district court judges on the issue of limited availability of counsel and its effect on rate-setting in social security cases also results in inconsistent and arbitrary awards of attorney's fees under the EAJA. Although not applicable to all attorneys' fee awards under EAJA as is the cost-of-living factor, this factor is one which at least affects all social security litigants in Dallas equally. As relates to social security cases, it is a factor that either justifies a rate increase, or it does not. It is therefore an appropriate candidate for uniform determination.

When making this determination, however, the district court must be careful to distinguish the limited availability of attorneys from the special expertise of certain attorneys or the mere unattractiveness of the field. By this we mean that simply because a few attorneys in the area handle most of the social security cases, or the fact that many firms do not handle them, is not, in itself, conclusive evidence that there is a lack of available attorneys within the

meaning of the statute. Instead, the ultimate issue is whether there is reason to believe that social security claimants with colorable claims will actually be disadvantaged by denial of access to the courts because of the lack of available representation. An increase in rates cannot be justified based on a small source of supply if that source meets demand; justification for an increase requires that the market of potential litigants with colorable claims be underserved. Similarly, an increased rate is justified only if the increase will actually cause more attorneys to enter the field, not merely because the statutory rate paid to attorneys who currently handle these cases is less than what they might otherwise charge. The district court should award an increased rate only if it is persuaded by convincing evidence: (1) that the number of competent lawyers who will handle social security disability cases is so limited that individuals who have possibly valid claims are unable reasonably to secure representation, *and* (2) that by increasing the fee, the availability of lawyers for these cases will actually be increased.

## VII

We therefore remand these cases to the district court for a uniform determination, consistent with the guidelines given here. On remand the court should determine first whether the cost of living in the Dallas area since October 1981 has increased and, if so, what rate over the $75 statutory maximum would be justified in view of the purpose of the statute; and second, whether the availability of attorneys in the Dallas area is so limited that reasonable access to the courts is being denied to individuals who might have possibly valid claims and, if so, what additional rate, if any, would be appropriate to meet the needs of these potential claimants.[4] On remand, the clerk of the court will assign each of these cases (except *Phillips* which is now severed) to the acting chief judge of the district. It will be his responsibility to assure that a single determination is made

on these issues applicable to all five cases. The particular means of determination is left to the discretion of the district court but it is likely to require an opportunity for the petitioners in these consolidated cases (or possibly other interested parties) to present additional evidence. The rate that is thus set on remand should be applied in all fee awards in the Dallas district courts as relates to the cost-of-living factor and, in social security cases, the availability-of-attorney factor, until appropriate additional modifications may be made by later order of the district court.

With respect to *Phillips v. Bowen*, we sever that case from these and remand to the district court to determine what amount of costs and fees should be awarded for the Secretary's bad faith, consistent with 28 U.S.C. § 2412, and this opinion.

For the reasons stated above, these cases are

REMANDED.

---

4. If the district court determines that relief is justified both on cost-of-living and limited-availability grounds, it may find it unnecessary to grant any additional award for limited availability if it finds that once having awarded the cost-of-living increase, the increased fee also satisfies the need for greater availability of attorneys.