**George N. ADAMS**

v.

**Shirley S. CHATER, Commissioner of Social Security.**

No. 92–4180.

United States District Court, E.D. Louisiana, G Division.

Oct. 30, 1995.

David Holman Williams, New Orleans Legal Assistance Corp., New Orleans, LA, Lisa Joan Stansky, New Orleans, LA, Marian Marcella Hamilton, Harvey, LA, for George N. Adams.

Glenn Kenneth Schreiber, Joseph F. Iuzzolino, Doris R. Piper, U.S. Attorney's Office, New Orleans, LA, for Department of Health & Human Services, Louis Sullivan, Secretary.

Doris R. Piper, U.S. Attorney's Office, New Orleans, LA, for Social Security Administration, Shirley Chater, Commissioner of Social Security.

### MEMORANDUM AND ORDER

SEAR, Chief Judge.

*Background*

By this action plaintiff sought to waive recovery of benefits by the Secretary which were incorrectly paid to the plaintiff by the Social Security Administration ("SSA"). Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Alma L. Chasez. On February 1, 1994, Magistrate Judge Chasez issued a Report and Recommendation recommending that plaintiff's motion for summary judgment be granted, and defendant's motion for summary judgment be denied. Defendant filed no objection to the Report, and on February 16, 1994, the Report was adopted as the opinion of the Court and plaintiff's motion for summary judgment was granted.

On March 31, 1994, plaintiff moved for attorney's fees pursuant to the Equal Access

to Justice Act ("EAJA")[1], alleging that the position taken by the United States was not substantially justified. On October 21, 1994, Magistrate Judge Chasez issued a Report and Recommendation which recommended that plaintiff's motion be granted and that attorney's fees in the amount of $2,685.00 and Court costs in the amount of $166.00 be awarded. The Magistrate Judge reached this amount by multiplying the number of hours expended by plaintiff's counsel by a rate of $75 per hour, citing the Eastern District of Louisiana case *Hall v. Shalala.*[2]

Plaintiff filed an Objection to the Magistrate Judge's Report, asserting that the hourly fee should not be capped at $75 per hour, the fee stated in the EAJA, but rather should be adjusted for inflation in conformance with the statute. Based on the national CPI, plaintiff requested an attorney fee of $115.39 per hour. Defendant opposed the award of any fee exceeding $75 per hour. On December 6, 1994, I stayed consideration of plaintiff's Objection pending disposition on appeal of *Hall v. Shalala* since Magistrate Judge Chasez relied on the lower court's decision in *Hall* and the case involved issues relevant to plaintiff's motion.

The Fifth Circuit decided *Hall v. Shalala* on April 25, 1995. The relevance of the *Hall* decision will be considered more fully hereinafter. On May 3, 1995, at plaintiff's request, I extended the stay of proceedings until the Fifth Circuit decided whether to grant rehearing in the *Hall* case. On September 14, 1995, following the Fifth Circuit's denial of rehearing, plaintiff filed a new Objection to Magistrate Judge Chasez's Report and Recommendation limiting fees to $75 per hour. Plaintiff seeks fees of $115.39 per hour based on the cost of living increase as of the beginning of 1993 and evidence of prevailing market rates which plaintiff argues justifies setting fees at this amount. Defendant opposes

any increase in the fee award above $75 per hour. The matter is now ripe for my review.

*Analysis*

I. The Relevant Law

The EAJA provides, in pertinent part, that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but that

attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

The EAJA was enacted in 1981. Since that time, there have been substantial increases in the cost of living, and Eastern District of Louisiana judges on occasion have awarded fees in excess of $75 per hour to reflect inflation.[3] The Fifth Circuit addressed the cost of living increase issue in *Baker v. Bowen*, 839 F.2d 1075 (5th Cir.1988), in which it held that,

consistent with the great weight of authority, ... Congress did intend to provide an allowance for a cost-of-living increase.... We note, however, that while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely require it. (Emphasis in original). Clearly, by mentioning it in the statute, Congress intended that the cost of living be seriously considered by the fee-awarding court. Except in unusual circumstances ... an increase should be granted ... In order to satisfy both goals of the provision, however, rates should be increased only to the extent necessary to ensure an adequate source of representation and should never exceed the percentage by which the market rate attorney's fees have increased

1. 28 U.S.C. § 2412.

2. Report and Recommendation at p. 4.

3. See *Lorraine Mark v. Donna Shalala*, CA No. 92–1202 "F"(4) awarding rates up to $111.77 per hour, *Lizzie Maxey o/b/o Charles Prentice*

*Bryant v. Donna Shalala*, CA No. 87–2604 "N"(2) awarding rates up to $111.77 per hour, *Johnny F. Thompson v. Donna Shalala*, CA No. 90–2870 "A"(4), 1993 WL 541495 awarding rates up to $111.77 per hour, and *Roosevelt Jones v. Donna Shalala*, CA No. 91–2783 "I"(4) awarding rates up to $116.03 per hour.

since the statute was enacted in 1981. 839 F.2d at 1084.[4]

In *Pierce v. Underwood*, 487 U.S. 552, 570–76, 108 S.Ct. 2541, 2553–55, 101 L.Ed.2d 490 (1988), a Supreme Court case decided after *Baker*, the Court clarified the meaning of the "special factor" exception, narrowly defining what qualifies as a "special factor." According to the *Pierce* Court, by using the language "limited availability of qualified attorneys" in describing one such special factor, Congress referred to some distinctive knowledge or specialized skill needful for the litigation in question, as opposed to simply an extraordinary level of the general lawyerly knowledge and ability useful in all litigation. The Court further held that the other "special factors" contemplated but not delineated by the statute likewise must be "such as are not of broad and general application," rejecting the following as such factors: "the novelty and difficulty of issues," the undesirability of the case," the "work and ability of counsel," "the results obtained," and "customary fees in other cases." *Id.* at 573, 108 S.Ct. at 2554.

After considering the reasons relied upon by the District Court to increase the fee, the *Pierce* Court found that "[i]n allowing fees at a rate in excess of the $75 cap (adjusted for inflation)," ... "none of the reasons relied upon by the District Court to increase the rate of reimbursement above the statutory cap was a special factor." Accordingly, the Fifth Circuit overturned the District Court's award.

The case *Hall v. Shalala*, 50 F.3d 367 (5th Cir.1995) represents the Fifth Circuit's most recent pronouncement on the adjustment of the $75 per hour cap. In *Hall*, plaintiff sought attorney's fees in excess of $75 per hour, arguing that $111.77 per hour, derived by adjusting the $75 statutory cap by the cost of living increase between 1981 and 1994, was a reasonable rate. The district court recognized that although the cap had changed because of inflation to approximately $111 per hour, the adjusted cap remains a ceiling under which $75 per hour attorney

fees awards *could* be awarded. The district court awarded fees at $75 per hour based on its finding that "fee awards of $75 per hour in this area satisfy the 'dual purpose' of the EAJA § 2412(d) 'to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers,'" citing *Baker v. Bowen*. The court also rejected any adjustment of the fee based on the limited-availability-of-attorney factor.

The Fifth Circuit affirmed the district court's decision, holding that a district court has the discretion to award a fee at or below the $75 per hour cap, as adjusted for inflation, "based on the facts of a particular case," and "considering what fee would satisfy the dual goals of the EAJA," i.e. ensuring adequate representation for Social Security claimants and minimizing costs to taxpayers. According to the Fifth Circuit,

> The statute and cases make it clear that the EAJA imposes a $75 cap that can be exceeded only if the court determines that a higher fee is justified by inflation or a special factor, such as limited availability of attorneys. The cap, adjusted for inflation, cannot be exceeded absent a finding of other special factors not specifically delineated in the statute. However, a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case.

> .　　.　　.　　.　　.

> [T]he district court was further justified in considering the goals of the statute in arriving at a reasonable rate of attorney's fees within the cap. 50 F.3d at 370.

The Fifth Circuit rejected plaintiff's arguments (1) that the adjustment for inflation must automatically be awarded; (2) that once the $75 cap has been adjusted for inflation the analysis reverts to a "reasonableness" determination in which no special factors are controlling; and (3) that a "reasonable fee" is determined based on prevailing market rates

---

**4.** The Fifth Circuit remanded the case, explaining that a uniform determination was required for the entire district. The five cases consolidated for appeal on the issue were assigned to the chief judge of the district who was ordered to make a single determination regarding whether either a cost of living increase or limited availability of counsel justified an increase in EAJA rates over $75 per hour in the Northern District of Texas.

and/or that prevailing market rates qualify as a special factor justifying upward adjustment of the cap. *Id.* at 369–70.

The Fifth Circuit also took the opportunity to comment on *Baker v. Bowen* and the subsequently decided Supreme Court case *Pierce v. Underwood.* The Fifth Circuit found the relevance of the *Pierce* Court's reference to "the $75 cap (adjusted for inflation)" to be the separation of the cost of living analysis from the special factor analysis, a distinction which the *Baker* court also recognized. *Id.*

Finally, out of an ongoing concern for uniformity in EAJA cases, the Fifth Circuit invited the judges of the Eastern District of Louisiana to address any lack of uniformity in fees awarded under the EAJA in the Eastern District.[5]

## II. Plaintiff's Objections

In a lengthy memorandum (over 40 pages, including his supplemental submission), plaintiff offers convoluted arguments, many of which are repetitive of those urged in *Hall v. Shalala,*[6] why the $75 cap should be adjusted upward to $115.39 per hour. I will do my best to outline and address each argument.

### A. The General Order is Erroneous

■■■ First, plaintiff attacks this district's September 12, 1995 General Order concerning fees to be awarded under the EAJA, on grounds that it is inconsistent with the EAJA and/or the *Hall* decision. The validity of the General Order is not an issue appropriately raised as part of this proceeding inasmuch as it was not in effect at the time plaintiff filed his request for attorney fees and did not form the basis for Magistrate Judge Chasez's findings and recommendation. Nevertheless, because my review of this matter is *de novo* and plaintiff has raised new issues in his Objection filed on September 14, 1995, I will address plaintiff's contention that the General Order is erroneous.

In response to the Fifth Circuit's invitation, at the monthly *en banc* meeting of the judges of the Eastern District on September 6, 1995, the judges unanimously agreed on the issuance of a General Order addressing the fee issue. The General Order, issued September 12, 1995, provides as follows:

> Pursuant to the provisions of the Equal Access to Justice Act, Title 28 Sec 2412 U.S.C., IT IS ORDERED that in cases in which the Equal Access to Justice Act applies, the amount of attorney's fees awarded shall be $75.00 per hour, conditioned upon the ability of the judge for good cause to increase the amount of attorney's fees awarded to that which is appropriate under the circumstances.

According to plaintiff, while the EAJA as enacted in 1981 set a maximum of $75 per hour as an attorney fee award, subject to increase for cost of living increases and/or special factors, the General Order adopted in this district on September 12, 1995 sets $75 per hour as the minimum fee, subject to increase for good cause under the circumstances. Further, plaintiff argues, the General Order differs from *Hall,* in which the Fifth Circuit recognizes the appropriateness of an adjustment for inflation but permits the court in its discretion to adjust downward from that amount in awarding attorney fees under the EAJA. Finally, plaintiff maintains, failure of the Eastern District judges to give public notice prior to their consideration of the issue, to allow public input, and/or to issue specific findings supporting their Order deprived plaintiff and others similarly situated of due process of law.

The General Order was adopted unanimously by the active judges of this district in response to and after careful consideration of the EAJA, the Fifth Circuit's decision in *Hall,* and the validity of any argument for an

---

5. Unlike in *Baker,* the Fifth Circuit in *Hall* affirmed the lower court's decision and did not remand the case out of concerns for uniformity. However, the *Hall* court specifically cited *Mark v. Shalala,* C.A. No. 92–1202, Eastern District of Louisiana (Feldman, J.) (rejecting magistrate Judge's recommendation of plaintiff's attorney fees of $75 per hour and awarding fees of

$111.77 per hour based on cost of living increase) and *Robinson v. Sullivan,* C.A. No. 91–2216, Eastern District of Louisiana (Mentz, J) (setting fees at $100 per hour).

6. Incidentally, counsel in this case was also counsel in the *Hall* case.

increase in the $75 fee in this district. Although no public hearing was held and public notice of the meeting was not provided, the judges of this district brought to the table their experience in numerous EAJA cases in which the arguments advanced in this case, as well as in other cases, have been repeatedly urged. The judges found that no adjustment in the $75 fee is justified at this time based on either increases in the cost of living or the special factor of limited availability of qualified attorneys. Instead, the judges unanimously agreed that fee awards of $75 per hour satisfy the dual purposes of the EAJA. Thus, the judges set the fee at $75.

Because the statute recognizes that other special factors might justify an increase above the $75 cap, however, and because these other special factors might require individualized as opposed to uniform determination, it was necessary to include language in the General Order permitting adjustment of the fee upward on a case by case basis. The language chosen by the judges, that "the judge for good cause [may] increase the amount of attorney's fees awarded to that which is appropriate under the circumstances," relates to this consideration alone. This is also why the $75 fee is set as a minimum.

An attorney fee of $75 per hour, though seemingly low, is consistent with fees paid to panel attorneys under the Civil Justice Act, 18 U.S.C. § 3006A ("CJA"). Under section (d)(1) of the CJA, such attorneys are to "be compensated at a rate not exceeding $60 per hour for time expended in court" and "$40 per hour for time reasonably expended out of court, unless the Judicial Conference determines that a higher rate of not in excess of $75 per hour is justified for a particular circuit or district." The fee for attorneys in this district is $60 per hour for non-capital cases and $100 per hour for capital cases.[7] I fail to see how, given the similar goals of the EAJA and the CJA, a fee of $75 per hour for attorneys working on social security disability cases can be considered inadequate.

Accordingly, contrary to plaintiff's assertions, the General Order complies with the EAJA and decisions thereunder, including *Hall.* Moreover, although plaintiff may have a property interest in a fee, he has no property interest in a particular fee, insofar as the amount of the attorney fee is discretionary with the court. Accordingly, plaintiff cannot argue that any due process concerns were implicated by the failure of the district judges to provide public notice or allow public participation in the decisionmaking process.

**B. Cost of Living Increase is Automatic**

Plaintiff contends that *Pierce v. Underwood* and *Hall v. Shalala* require an automatic adjustment of the $75 cap to reflect cost of living increases since 1981. Plaintiff relies on the language in *Pierce* where the Court, in discussing the distinction between an enhancement for a cost of living increase and an enhancement based on a special factor, referred to the statutory cap as a "$75 cap (adjusted for inflation)." *Pierce v. Underwood,* 487 U.S. at 571, 108 S.Ct. at 2553 (emphasis added). Plaintiff also relies on the statement in *Hall* that "[t]he cap, adjusted for inflation, cannot be exceeded absent a finding of other special factors not specifically delineated in the statute" and that "the district court was correct in adjusting the $75 cap upward to $111 due to inflation ... [but] was further justified in considering the goals of the statute in arriving at a reasonable rate of attorney's fees [of $75] within the cap." *Hall v. Shalala,* 50 F.3d at 370 (emphasis added).

These references to an "adjusted" cap do not demonstrate that plaintiff is entitled to an automatic enhancement of the $75 statutory attorney fee to reflect the cost of living increase. Rather, the import of the language is that the cost of living and special factor inquiries are separate bases on which a court may enhance the statutory fee. Further, the hourly rate awarded under the EAJA, in any event, must not exceed an amount which in present-day dollars equals $75 unless plain-

---

7. A higher fee for capital cases is justified by the extent of expertise required in defending such cases.

tiff can establish some special factor that justifies additional enhancement. It is clear from *Hall* that a court, in its discretion, may still award a fee below the cap, as adjusted for inflation, and may award a fee above that adjusted cap if a special factor justifies such an award.

### C. The Magistrate Judge Erroneously Required a Special Showing for Fee to Exceed $75 Per Hour

 Plaintiff cites the following language from Magistrate Judge Chasez's Report and Recommendation in support of his argument that she erroneously denied an enhancement of the $75 fee based on a finding that plaintiff had not made a special showing justifying an enhancement:

> The undersigned reads [*Baker v. Bowen*] narrowly, as at least one other Section of the Court has [citing the District Court *Hall* opinion] and finds that the statutory maximum serves the dual purpose of § 2412(d) in ensuring that adequate representation for those who need it and minimizing any burden on the taxpayers for said representation. To justify an increase in the $75.00 (seventy-five) dollar amount, *Baker* also calls for convincing evidence demonstrating that the number of competent attorneys who handle social security cases was so limited that individuals with potentially valid claims were reasonably unable to secure representation and that an increase in the fee would enhance the availability of attorneys to do so. *Baker*, 839 F.2d at 1085. That showing has not been made here.

Report and Recommendation at p. 4.

I agree with plaintiff that no special showing is required to justify a cost of living increase; rather, it is a matter for the court's discretion. But there is nothing in the cited paragraph which suggests that Magistrate Judge Chasez required a special showing for plaintiff to be entitled to an enhancement of the statutory fee based on a cost of living increase. Rather, the Magistrate Judge found,

in her discretion, that no cost of living increase was justified and that an award of a fee below the adjusted amount served the dual purposes of the EAJA. Having decided against enhancement based on a cost of living increase, the only remaining basis on which to award a higher fee was the presence of a special factor, such as the limited availability of qualified attorneys.

 The Fifth Circuit in *Baker* held that the limited availability factor is satisfied only if the court

> is persuaded by convincing evidence: (1) that the number of competent lawyers who will handle social security disability cases is so limited that individuals who have possibly valid claims are unable reasonably to secure representation, and (2) that by increasing the fee, the availability of lawyers for these cases will actually be increased. 839 F.2d at 1085.

The *Baker* holding above has in no way been overruled or amended.[8] Thus, the Magistrate Judge was not in error to require, in the absence of justification for a cost of living increase, some showing of a special factor, such as the limited availability factor, before enhancing the statutory fee. I agree that no such showing has been made in this case. I also agree that no cost of living increase is warranted.

### D. Prevailing Market Rates Support Enhanced Fee

 Plaintiff argues that evidence of prevailing market rates in this area which exceed $75 per hour justify an enhanced fee under the EAJA. This argument is reiterated in different forms throughout plaintiff's memorandum. Plaintiff offers as evidence of prevailing market rates several affidavits of local attorneys involved in Social Security litigation, which purport to show that the market rate for such work ranges from $100 to $150 per hour.

Even assuming plaintiff's evidence is sufficient to establish prevailing market rates,[9]

---

**8.** Indeed, the Supreme Court in *Pierce* further narrowed the "limited availability of qualified attorneys" factor to refer to some specialized knowledge.

**9.** Defendant contends, and I am inclined to agree, that the affidavits merely report the hourly rates at which several local attorneys are usually reimbursed by the Social Security Administra-

reliance on such rates as a determinant of the EAJA hourly fee is improper under the EAJA. Although the EAJA provides that the amount of attorney fees awarded thereunder "shall be based upon prevailing market rates for the kind and quality of the services furnished," the very next sentence qualifies this standard by prohibiting an award of attorney fees exceeding $75 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Relying on the Supreme Court decision in *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Fifth Circuit in *Hall v. Shalala* rejected this same "prevailing market rate" argument, holding that reliance on prevailing market rates to enhance the $75 cap was improper because "reasonable market rates for attorneys cannot be considered as a special factor justifying an upward adjustment." *Hall,* 50 F.3d at 369.

The relevance of market rates also was addressed in *Baker v. Bowen,* 839 F.2d 1075 (5th Cir.1988), in which the Fifth Circuit opined that in the event that an upward adjustment is justified by a cost of living increase or a special factor, "[i]n order to satisfy both goals of the [EAJA], however, rates should be increased only to the extent necessary to ensure an adequate source of representation and should never exceed the percentage by which the market rate attorney's fees have increased since the statute was enacted in 1981." *Id.* at 1084. Plainly, this means simply that under no circumstances should any upward adjustment of the statutory cap exceed the prevailing market rate, not that the prevailing market rate must be considered initially in determining the propriety of an enhancement or in the setting of a fee which will serve the dual purposes of the EAJA.

For the foregoing reasons, I reject each argument made by plaintiff to the effect that the prevailing market rate justifies enhancing the $75 per hour cap in this case. The prevailing market rate is not properly consid-

ered in this case, in which no upward adjustment is made. Neither do I believe, as plaintiff contends, that such market rate evidence would have made a difference in the outcome in *Hall* had it been presented therein.

III. Conclusion

Having conducted a *de novo* review of the record, the Report and Recommendation, and the parties' memoranda, I find plaintiff's objections to the Magistrate Judge's findings and recommendations to be without merit.

Accordingly, IT IS ORDERED that plaintiff's objections to October 24, 1995 Report and Recommendation ARE DENIED and the findings and recommendations are adopted.

---

tion in Title II cases under 42 U.S.C. § 406(b),

and therefore are of questionable relevance.