**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-50683
Summary Calendar

KATHY L. BIBLE,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CV-43

January 28, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Kathy L. Bible appeals from the district court's partial grant of attorneys' fees to her

pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Specifically, Bible

appeals the denial of her request for fees at a rate above that original statutory rate, as adjusted

for inflation, and of her request for additional fees for time expended in defense of her fee request.

We review a district court's attorneys' fees award under the EAJA only for abuse of discretion.

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Baker v. Bowen, 839 F.2d 1075, 1082 (5th Cir. 1988). We have explained that "while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely require it." Id. at 1084.  See also Hall v. Shalala, 50 F.3d 367, 370 (5th Cir. 1995)(District court did not abuse discretion in by recognizing that the statutory maximum fee should be increased due to inflation, but finding that the particular facts of the case did not warrant an increase in the amount awarded.)  Both Bible and the Commissioner clearly presented facts and argument in support of their positions on the fee award that each felt was warranted in this case.   The district court's order  makes it clear that it rejected Bible's suggestion for an increased rate based on cost of living adjustments as well as her request for supplemental time expended in the district court defending the EAJA petition.  These decisions were clearly within the court's discretion under Hall and Baker.

Finding no error, we AFFIRM.