United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20699
Summary Calendar

_____

THERESA WASHINGTON,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1928
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Theresa Washington appeals from the district court's partial
grant of attorneys' fees to her pursuant to the Equal Access to
Justice Act ("EAJA"), 28 U.S.C. § 2412. Washington initially
sought a fee award for 58.75 hours of attorney services at the
increased rate of $143.75 per hour, which she amended on appeal
to $138.75 per hour, arguing that the hourly fee should be

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

adjusted above the statutory rate of $125 per hour because of an increase in the cost of living in the Houston area.

The district court found Washington's request for fees meritorious in part but awarded her compensation only at the statutory rate of $125 per hour.  The district court found that the issues presented in the case were not novel or time consuming and that the work performed did not require a level of skill and experience that necessitated an adjustment of the $125.00 statutory cap for EAJA attorneys' fees awards.

We review a district court's attorneys' fees award under the EAJA only for abuse of discretion.  See Baker v. Bowen, 839 F.2d 1075, 1082 (5th Cir. 1988).  We have explained that "while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely require it."  Id. at 1084.  We have further stated that, except in unusual circumstances, if there has been a significant increase in the cost of living that would justify an increase in the fee, the increase should be granted even though the ultimate award need not track the cost-of-living index.  Id.  In Hall v. Shalala, 50 F.3d 367, 370 (5th Cir. 1995), we held that a district court did not abuse its discretion by recognizing that the statutory hourly cap should be increased due to inflation but declining to award an hourly fee above the statutory cap based upon other factors present in that case.

Here, the special factors that the district court considered as necessary to justify a rate increase – the presence of novel or time-consuming issues, or the need for an unusual level of legal expertise – are not special factors that may be used to determine whether the EAJA rate should be increased over the statutory cap. See Pierce v. Underwood, 487 U.S. 552, 573 (1988). Moreover, unlike the Hall case, there is no indication that the district court considered Washington's argument that the hourly rate should be adjusted because of an increase in the cost of living.

Therefore, we vacate the district court's attorneys' fees award and remand for the district court to consider whether an increase in the cost of living justifies an increase in the statutory maximum hourly rate and whether the fee award here should be increased in light of any cost of living adjustment.

Further, we have previously instructed the district judges in the Northern District of Texas and the Eastern District of Louisiana to address any inconsistencies in cost of living adjustments within their districts. See Baker, 839 F.2d at 1085; Hall, 50 F.3d at 370. The district court here should also be cognizant of the need for uniformity in these types of cases.

In addition, on remand, any award of fees based on a cost of living increase should be calculated "to reflect the appropriate rate in the year in which the services were rendered." Perales v. Casillas, 950 F.2d 1066, 1076 (5th Cir. 1992).

Finally, Washington contends that she is entitled to additional fees for counsel's 7.4 hours of supplemental time expended in the district court defending her EAJA petition.  Such an award is permitted under the EAJA.  See Commissioner, INS v. Jean, 496 U.S. 154, 162-63 (1990).  The district court should consider Washington's request on remand in connection with its determination of the request for an increased hourly rate.  See id. at 163 n.10.

VACATED and REMANDED.