United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30550
Summary Calendar

_____

ANGELA FAYE ROBINSON,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, Commissioner of Social Security,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:02-CV-105
---------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Angela Robinson argues that the district court erred in awarding her, under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), only $125 per hour in fees instead of various inflation-adjusted amounts in the $140s per hour, contending that other cases, see Islamic Center of Mississippi v. City of Starkville, 876 F.2d 465, 469 (5th Cir. 1989); Powell v. C.I.R., 891 F.2d 1167, 1173 (5th Cir. 1990), render her uncontested request for fees *prima facie* reasonable and that our cases dictate an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inflation adjustment except in rare circumstances not present here, see Washington v. Barnhart, 93 Fed. App'x 630 (5th Cir. 2004) (citing Baker v. Brown, 839 F.2d 1075 (1988)).  Or, rather, Robinson argues that the court erred in the procedure it used to determine that amount, neglecting to first calculate the "prevailing market rates," and, if that amount is higher than the $125 statutory cap, then determine whether inflation or "special factors" justify increasing that cap and the resulting award, up to those market rates.

We disagree.  First, we need not analogize to non-EAJA cases given the EAJA cases directly on point.  Second, we made it clear in Hall v. Shalala, 50 F.3d 367, 369-70 (5th Cir. 1995), that a court can, using its discretion to analyze the particular facts of the case, including things considered "special factors" under the statute, award less than the cap, as adjusted by inflation or by the "special factors."  See also Clevenger v. Chater, 977 F. Supp. 776, 780 (M.D. La. 1997).  Here, then, even though the inflation-adjusted cap was in the $140s per hour (Robinson did not argue that the cap should be adjusted for "special factors"), the court was free to award less than that ceiling, at least down to $125.[1]  And we review the court's use of that freedom only for abuse of discretion.  See Baker v. Bowen, 839 F.2d 1075, 1082

---

[1] We do not decide whether it could have awarded less than $125, a question for which Robinson's procedural argument – that the court should award the "prevailing market rates" absent the caps coming into play – has direct ramifications since here the "prevailing market rates" were more than $150, rendering an award less than $125 detached from either the "prevailing market rates" or any cap.

(1988).  The court explained that its award of $125 was
"reasonable and serves the goals of the EAJA by helping to ensure
an adequate source of representation in social security appeals
and minimizing the cost of that representation to the taxpayers."
We see no abuse of discretion given that explanation.  See id. at
1084  (explaining that whether to award more than $125 because of
inflation is discretionary and should only be done to extent it
furthers the goals of the EAJA, namely securing adequate
representation); Clevenger, 977 F. Supp. at 782 (choosing a
figure in the permissible range based on the goals of the EAJA).

Robinson's argument that the court erred procedurally is
unconvincing.  Even if courts should explicitly engage in the
two-step analysis - first determine the "prevailing market rates"
and award them, if less than $125; then, only if they are more
than $125, consider whether inflation or "special factors"
warrant awarding more than $125, up to those market rates - the
court here implicitly did so, and any error could only have
harmed Robinson.  That is, the court likely assumed that
Robinson's "prevailing market rates" were higher than $125, as
Robinson now argues on appeal.  Hence it properly reached the
question whether it would use inflation to adjust the $125 cap,
up to the inflation-adjusted rates requested by Robinson, and it
decided not to.  If it had assumed that Robinson's "prevailing
market rates" were *less* than $125, its error was giving Robinson
*too much* - $125 instead of the lower market rate.  Indeed, that

was the concern animating <u>Clevenger</u>'s insistence on the two-step analysis: that a court skipping the "prevailing market rate" analysis would award an amount equal to $125 plus inflation, more than the actual market rate.  In short, the court reached the precise question it should have: whether the facts of the case warranted using inflation to raise the $125 cap.  And it properly exercised its discretion in answering that question.

AFFIRMED.