United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30415
Summary Calendar

IDA GARTH WILLIAMS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(No. 3:04-CV-893)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A social security claimant appeals the district court's award of attorney's fees at

$125 per hour pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),

rather than at a higher rate pursuant to the EAJA's cost of living adjustment provision. For

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

the following reasons, we affirm.

## I. FACTS AND PROCEEDINGS

Ida Garth Williams applied for and was denied Supplemental Security Income ("SSI") benefits. Two hearings were held before an Administrative Law Judge ("ALJ") who also denied benefits. Williams requested and was denied review by the Social Security Appeals Council, and she appealed to federal district court. The magistrate judge issued a report and recommendation, finding that the ALJ erred in three substantive respects and remanding to the Commissioner for further proceedings.

Williams then filed a petition for attorney's fees pursuant to the EAJA in the total amount of $4,555.44, representing work completed by attorneys in 2004 and 2005. The rate sought for 2004 work was $151.65 per hour; the rate sought for 2005 work was $155.35. These rates were computed using the Consumer Price Index for the respective years.

The government did not oppose the motion for attorney's fees. The magistrate judge issued a report and recommendation in which he recommended awarding attorney's fees to Williams, but at the EAJA's statutory rate of $125 instead of the rates sought. The district court adopted the report and recommendation, and Williams timely appealed.

## II. DISCUSSION

The abuse of discretion standard applies to the review of attorney's fees awards made pursuant to the EAJA. *Squires-Allman v. Callahan*, 117 F.3d 918, 920 (5th Cir. 1997). The EAJA provides for the determination of the award's amount as follows:

The amount of fees awarded under this subsection shall be based upon

2

> prevailing market rates for the kind and quality of the services furnished,
> except that . . . attorney fees shall not be awarded in excess of $125 per hour
> unless the court determines that an increase in the cost of living . . . justifies
> a higher fee.

28 U.S.C. § 2412(d)(2)(A). When determining attorney's fee awards under the EAJA, courts must consider the dual purposes of ensuring representation for those who need it and minimizing the cost of such representation to the taxpayers. *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988); *see also Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995).

Williams argues that the district court abused its discretion by not computing the prevailing market rate for attorney services *before* applying the statutory $125 rate. Assuming that courts must do as Williams suggests, the district court implicitly did so. Together with its motion for attorney's fees, Williams presented two affidavits from attorneys in the Monroe, Louisiana, area indicating that the prevailing market rate was somewhere between $150 and $200 per hour. Considering this evidence, the district court found that, "in the relevant legal community, a fee of $125.00 per hour is a reasonable attorney fee." The court also found that, despite Williams's evidence that $150 to $200 was the prevailing rate, judges of the Western District of Louisiana had determined that "$125.00 per hour [was] a reasonable fee" and judges of the district had disagreed with the $150 to $200 estimate "in the Social Security context." It is apparent that the district court considered the prevailing market rate to be at or above $125; therefore, the court could properly reach the question of whether to adjust the $125 rate with a cost of living adjustment. We find no abuse of discretion. *See Robinson v. Barnhart*, No. 05-30550, 2006

3

WL 2571333, at *1 (5th Cir. Sept. 7, 2006).

Williams also contends that the district court abused its discretion by awarding attorney's fees at a rate of $125 per hour when other cases in the Western District of Louisiana reveal that awards reflecting EAJA cost of living adjustments have been ordered. We disagree. The district court correctly based its award on the dual concerns of ensuring an adequate source of representation and minimizing the costs of that representation to the taxpayers. *See Baker*, 839 F.2d at 1083; *see also Hall*, 50 F.3d at 369. In addition, the court plainly intended to award attorney's fees in an amount that was uniform with other awards in the Western District of Louisiana. There was no abuse of discretion.[1]

The order of the district court is AFFIRMED.

---

[1]Williams also argues that the district court abused its discretion in setting the award at $125 per hour because the government did not oppose the motion for attorney's fees and the amount requested was thus *prima facie* reasonable. *See Powell v. Commissioner*, 891 F.2d 1167, 1173 (5th Cir. 1990). However, we need not use this evidentiary presumption when Fifth Circuit caselaw in EAJA cases is directly on point. *See, e.g.*, *Hall*, 50 F.3d at 370.