# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2011

Lyle W. Cayce
Clerk

No. 10-30293

RANDALL K. ROMERO,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-234

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Randall K. Romero appeals the district court's denial of attorney fees at an hourly market rate of $200. Title 28 U.S.C. § 2412(b) permits a district court to award attorney fees at the market rate "against the federal government to the same extent it may award fees in cases involving other parties." *Knights of the Ku Klux Klan Realm of La. v. E. Baton Rouge Parish Sch. Bd.*, 679 F.2d 64, 67 (5th Cir. 1982); *see Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988). Thus, under subsection (b), the federal government may

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30293

be liable to a prevailing party for market rate attorney fees if the government "acted in *bad faith*, vexatiously, wantonly, or for oppressive reasons." *Perales v. Casillas*, 950 F.2d 1066, 1071 (5th Cir. 1992) (internal marks and citation omitted) (emphasis in original).

Before the district court, Romero made a colorable claim for market rate attorney fees under subsection (b) due to the Commissioner's alleged bad faith during both the administration and litigation of his claim for benefits. *See Baker*, 839 F.2d at 1082. The district court did not however address the argument. Instead, the district court awarded attorney fees under 28 U.S.C. § 2412(d). Subsection (d) requires a district court to award a prevailing party attorney fees against the federal government, if the federal government's position was not substantially justified, unless another special circumstance would make the award unjust. *See* § 2412(d)(1)(A). Fee awards under subsection (d), although based on the prevailing market rate, are subject to a statutory cap. *See* § 2412(d)(2)(A). Awards under subsection (b) are not. *See Baker*, 839 F.2d at 1080. On appeal, Romero does not question the propriety of the district court's limited fee award under subsection (d). Romero argues only that the district court abused its discretion by not considering his argument for market rate attorney fees under subsection (b) and by not finding that the Commissioner acted in bad faith, which necessitated an award under (b).

Ordinarily, we review the denial of a motion for attorney fees for abuse of discretion. *See id.* at 1082. However, when a district court fails to articulate reasons for its decision to deny fees, "we cannot exercise meaningful review." *Schwarz v. Folloder*, 767 F.2d 125, 133 (5th Cir. 1985). Without reasons why the district court denied Romero's claim for market rate fees under subsection (b), "we do not know whether the decision was within the bounds of its discretion or was based on an erroneous legal theory." *Id.* Accordingly, "we must remand for further findings by the district court." *Id.*

No. 10-30293

We express no opinion as to whether the Commissioner acted in bad faith or whether the district court should on remand award market rate attorney fees under subsection (b). "[T]his issue must be decided, in the first instance, by the district court." *Id.* at 134. The district court's order limiting attorney fees is vacated and the case is remanded for further proceedings in accordance herewith.

VACATED and REMANDED.

No. 10-30293

KING, Circuit Judge, dissenting:

I respectfully dissent from the majority's conclusion that remand for further findings by the district court regarding the Commissioner's alleged bad faith is necessary in this case.