Albert A. CHARGOIS

v.

Jo Anne BARNHART, Commissioner of Social Security Administration.

No. 1:05–CV–359.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 21, 2006.

Oct. 2, 2006.

Steven S. Packard, Packard Packard & Lapray, Beaumont, TX, for Albert A. Chargois.

Kendall Morrison Rees, Social Security Administration, Dallas, TX, for Commissioner of Social Security Administration.

### *ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

HEARTFIELD, District Judge.

The Court heretofore added that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, for Consideration pursuant to applicable law and orders of this Court. Pursuant to such order, the Court has received and considered the Report of the United States Magistrate Judge Re Application for Attorney's Fees, along with plaintiff's brief and exhibits. Since the plaintiff's application was unopposed, no objections to the Report of the United States Magistrate Judge will be filed.

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct and the Report of the United States Magistrate Judge is **ADOPTED**. An order granting application for attorney's fees will be entered separately.

### *ORDER GRANTING APPLICATION FOR ATTORNEY'S FEES*

Before the court is "Plaintiff's Application for Attorney Fees Under the Equal

Access to Justice Act," with exhibits and supporting brief. It is hereby

**ORDERED** that plaintiff's unopposed application for attorney's fees pursuant to the Equal Access to Justice Act (Docket No. 18) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Commissioner of Social Security shall pay Steven Packard, counsel for plaintiff, an attorney fee, costs and expenses under the Equal Access to Justice Act in the amount of **$5,450.94**. This amount consists of 34.8 hours of service at $125.00 per hour, concurrently adjusted to account for increased costs of living consistent with Consumer Price Index for the relevant time periods.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE APPLICATION FOR ATTORNEY'S FEES

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law.[1]

### I. Nature of the Case; Proceedings

Plaintiff requested judicial review of a decision of defendant, Commissioner of Social Security Administration (Commissioner), denying an application for social security disability benefits. After briefing, the undersigned recommended that the case be reversed for lack of substantial evidence, and that the action be remanded to the Commissioner for reconsideration.

The district judge to whom this action is assigned adopted the magistrate judge's recommendation, and ordered the case remanded on May 26, 2006. That order of remand pursuant to Sentence Four of Section 405(g)[2] constituted a final judgment. *See Shalala v. Schaefer,* 509 U.S. 292, 301, 113 S.Ct. 2625, 2631, 125 L.Ed.2d 239 (1993).

### II. Post-Judgment Application for Attorney's Fees

Plaintiff's "Application for Attorney's Fees under Equal Access to Justice Act" (Docket No. 18) now requests a fee award of $5,450.94. Counsel avers that he expended 34.8 hours of professional attorney time, and the amount requested is based on the rate of "$125 per hour .... *concurrently adjusted to account for increased costs of living* consistent with the Consumer Price Index for the relevant time period." Pl.'s Mo., p. 1 (emphasis added). Plaintiff proposes a series of *monthly* adjustments to the statutory fee for each month in which counsel provided professional legal services.

Defendant does not oppose the motion. *See* "Defendant's Response," Docket No. 19.

### III. Standards for Attorney Fee Awards

The Equal Access to Justice Act (EAJA), codified at 28 U.S.C. § 2412, et seq., authorizes district courts to award attorney's fees to parties who prevail in litigation against the United States. Section 2412(d)(1)(A) provides that attorney fees, costs, and expenses *shall* be awarded to a prevailing party opposing the government unless the position of the United States was substantially justified or special

---

1. *See* 28 U.S.C. § 636(b)(1)(B) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

2. Sentence 4 of 42 U.S.C. § 405(g) states:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

circumstances make an award unjust.[3] Section 2412(d)(2)(A)(ii) directs that attorney fees not be awarded in excess of $125.00 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.[4]

### IV. APPLICATION AND DISCUSSION

■ When United States district courts remand social security actions under sentence four of Section 405(g), the plaintiff (claimant) is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. at 301, 113 S.Ct. 2625. Consequently, plaintiff in this action is entitled to an award of attorney's fees, expenses and costs of court absent special circumstances or a showing that the position of the United States was substantially justified. No special circumstances appear in this case, and the Commissioner offers no proof or argument suggesting that the position of the United States was substantially justified. Rather, the Commissioner indicates no opposition to the motion.

■ The attorney time submitted by plaintiff is reasonable. However, plaintiff seeks an award for attorney time at a rate exceeding the $125 per hour statutory maximum. The court, therefore, must determine whether the excess rate is justified by an increase in the cost of living or another special factor.

■ counsel proffers a Consumer Price Index report compiled and published by the U.S. Bureau of Labor Statistics as proof of an increase in the cost of living. CPI reports routinely are recognized as proof of cost of living increases that justify awarding attorney's fees in excess of the $125 maximum statutory rate. *See Sandoval v. Apfel*, 86 F. Supp 2d 601, 614 n. 23 (N.D.Tex.2000)(awarding attorney's fee at $131.25 per hour); *Beck v. Commissioner*, No. 1:05cv116 (E.D.Tex. Mar. 15, 2006) (awarding attorney fees at $152.40 per hour); *Campbell v. Commissioner*, No. 1:04cv130 (E.D.Tex. July 6, 2005) (awarding attorney fees at $150.01 per hour); *Acy v. Commissioner of Social Security*, No. 6:99cv433 (E.D.Tex. May 8, 2000) (awarding attorney fees at $135.00 per hour). Courts generally compare the CPI index for the region where services were performed when the statutory maximum hourly rate was first established (the base rate) with the index existing when professional legal services were provided. If there is an increase, the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase.[5]

In this action, plaintiff's counsel resides and practices law in Beaumont, Texas, an

---

3. The statute states:

 "[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."
 28 U.S.C. § 2412(d)(1)(A) (2000).

4. "(A)ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."
 28 U.S.C. § 2412(d)(2)(A)(ii) (2000).

5. Typically, excess fee applicants calculate requested fees by using the 1996 *annual* CPI index as the base factor (mathematically the "divisor" or "denominator") and the *annual* CPI index for the year in which professional services were rendered as the comparison factor (mathematically, the "dividend" or "numerator"). The quotient derived from dividing the comparison factor by the base factor is

urban area. Plaintiff relies on the CPI index for "South urban areas" printed on June 19, 2006. *See* Pl.'s Mo., Exh. B. That index is appropriate for use in this case.

Plaintiff's application is novel, or perhaps better identified as "resourceful," in two respects. First, counsel proposes to establish a base comparison factor of the CPI index level for the exact *month* in which the statutory maximum fee increased to $125 from $75 per hour, i.e., March of 1996.[6] Since that index level (152.4) was slightly lower than the 1996 annual index level (153.6),[7] the inevitable result of using the monthly factor will result in a greater cost of living adjustment than it would if the annual index level were the benchmark. Second, counsel requests *monthly* adjustments of the hourly rate corresponding to monthly CPI index changes for each month in which legal work was performed. Pl.'s Mo., Ex. B.

 Since an award of an attorney's fee in excess of the statutory maximum hourly rate is discretionary,[8] and because plaintiff's proposed method of calculating a cost of living adjustment is a fresh approach, the court should first weigh pros and cons of the proposed method. Starting with the negative side of the ledger, plaintiff cites no authority for calculating excess fees in the proposed manner, and the court's research discloses no other instances in which fees have been awarded on this basis. Moreover, plaintiff's proposed method, bluntly, is *de trop* (a bit much) given that the court is unaware of anyone else who is fortunate enough to receive cost of living adjustments more often than annually, and also because monthly adjustments make the calculations substantially more tedious and complex for the court. Finally, the proposed method differs markedly from a similar provision in the Internal Revenue Code which specifically directs that cost-of-living-adjustments for attorney fees awarded in tax cases be calculated on the basis of an annual index level.[9]

multiplied by $125 to produce an adjusted hourly rate to reflect a cost of living increase.

6. Effective March 29, 1996, Congress increased attorney's fees under EAJA from $75.00 per hour to $125.00 per hour. *See* Contract with America Advancement Act of 1996, Pub.L. No. 104–121, § 232, 110 Stat 847, 863 (1996). .

7. *At* www.bls.gov/cpi (Sept. 5, 2006).

8. *See Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir.1988) ("[T]he district court's decision on whether to increase an [attorney fee] award is reviewed only on an 'abuse of discretion' standard"); *see also Pierce v. Underwood*, 487 U.S. 552, 560, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988) (construing statutory language to find that award of attorney fees under EAJA is reviewed for abuse of discretion); *Squires–Allman v. Callahan*, 117 F.3d 918, 920 (5th Cir.1997) ("We review a fee award under the EAJA for abuse of discretion");

9. The Internal Revenue Code provides that "*[i]n any administrative or court proceeding*

*which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for ... reasonable litigation costs incurred in connection with such court proceedings.*" 26 U.S.C. § 7430(a)(2).

The statute further provides that reasonable costs of litigation, specifically attorney fees, "*shall not be in excess of $125 per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate.*" 26 U.S.C. § 7430(c)(1)(iii).

The statute further directs that, "*In the case of any calendar year beginning after 1996, the dollar amount referred to in clause (iii) shall be increased by an amount equal to such dollar amount multiplied by the cost-of-living adjustment determined under section 1(f)(3).*"

Finally, Section 1(f)(3)provides that "*the cost-of-living adjust for any calendar year is*

On the positive side, the court's research finds no authority rejecting the monthly adjustments proposed by counsel. Second, neither EAJA nor its legislative history provides an explicit instruction or implicit suggestion that cost of living adjustments must or should be based only on annual data. Third, the proposed method, albeit more complicated, does no violence to Congressional "inten[t] to provide an allowance for a cost-of-living increase" in fees under EAJA. *Baker v. Bowen,* 839 F.2d 1075, 1084 (5th Cir.1988). Fourth, the proposed method is consistent with circuit precedent requiring that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate *when services were rendered. See Perales v. Casillas,* 950 F.2d 1066, 1076 (5th Cir.1992);[10] *see also Washington v. Barnhart,* 93 Fed.Appx. 630 (5th Cir.2004) (applying the holding in *Perales* to motion for attorney fees in Social Security case). Fifth, the proposed method indisputably is more mathematically precise than calculations based on annual index figures.[11] Sixth, the proposed approach is fair and even-handed because

monthly calculations—if consistently applied—are just as likely to produce a lower fee as a higher fee depending on whether the index level for a given month falls below or above the annual index level. Finally, the Commissioner's failure to oppose plaintiff's request constitutes acquiescence through silence, and thus provides at least some imprimatur for plaintiff's proposal.

For similar reasons, there is no prohibition against using the month in which the $125 per hour maximum statutory rate was established as the base the CPI index level. That level for the South urban area for March, 1996 was 152.4. *At* www.bls. gov/cpi (Sept. 5, 2006). Plaintiff's motion cites "Base CPI" as "152.4."

In sum, the court in exercise of sound discretion can accept or reject plaintiff's proposed method of calculating a cost of living adjusted fee. On balance, the undersigned views the pros as outweighing the cons because the objections articulated above are non-essential and invoke subjective predilections, whereas plaintiff's pro-

---

the percentage (if any) by which—(A) the CPI for the **preceding calendar year,** exceeds (B) the CPI for the [base] **calendar year . . . .** " 26 U.S.C. § 1(f)(3) (Emphasis Added.)

**10.** In *Perales,* the trial court awarded excess EAJA fees computed on the basis of cost of living as of the date of the award instead of the date when services were rendered. In reversing, the Fifth Circuit stated:

"[C]ost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."

*Perales v. Casillas,* 950 F.2d 1066, 1076 (5th Cir.1992).

**11.** Section 2412 of EAJA (the authority for adjusting attorney fees in social security cases based on cost of living increases) and Section 7430 of the Internal Revenue Code (the authority for adjusting attorney fees in tax cases) generally are read in harmony with each other "when the language is the same." *Lennox*

*v. C.I.R.,* 998 F.2d 244, 248 (5th Cir.1993)(citing *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Kenagy v. U.S.,* 942 F.2d 459, 464 (8th Cir.1991)). That general doctrine does not defeat plaintiff's proposed calculation for two reasons. First, the language of the two statutes is not the same insofar as cost of living adjustments are concerned. Second, to harmonize EAJA Section 2412 with the more explicit Section 7430 of the Internal Revenue Code insofar as the two provision relate to cost of living adjustments is precluded under *Perales* and *Washington* discussed above and in note 10. Under those cases, courts applying EAJA Section 2412 must make cost of living adjustments reflecting the *appropriate rate in the year in which services were rendered.* Internal Revenue Code Section 7430, however, directs that cost of living adjustments reflect the *rate for the year in which fees are awarded which rate is determined on the basis of the annual CPI index for the preceding calendar year.* (See note 8, *supra*).

posed method has inferential support in objective governing circuit precedent. Therefore, plaintiff's request is reasonable.

### RECOMMENDATION

Plaintiff's application for attorney's fees should be granted. The court should order the Commissioner of Social Security to pay Steven Packard, counsel for plaintiff, an attorney fee under the Equal Access to Justice Act in the amount of $5,450.94.

### OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objection to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). However, the relief requested by defendant is unopposed by plaintiff. Therefore, the court may act on the report and recommendation immediately.

September 21, 2006.