**Gary A. BEAN, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant.**

**Civil Action No. 1:05–CV–398.**

United States District Court, E.D. Texas.

Jan. 25, 2007.

---

**4.** Typically, excess fee applicants calculate requested fees by using the 1996 *annual* CPI index as the base factor (mathematically the "divisor" or "denominator") and the *annual* CPI index for the year in which professional services were rendered as the comparison factor (mathematically, the "dividend" or "numerator"). The quotient derived from dividing the comparison factor by the base factor is then multiplied by $125 to produce an hourly rate adjusted for cost of living increases.

Steven S. Packard, Packard Packard & Lapray, Lake Charles, LA, for Plaintiff.

Steven A. Ford, Social Security Administration, Dallas, TX, for Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CRONE, District Judge.

The Court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge,

for consideration pursuant to applicable law and orders of this Court. Pursuant to such order, the Court has received and considered the Report of the United States Magistrate Judge Re Application for Attorney's Fees, along with plaintiff's brief and exhibits. Since the plaintiff's application was unopposed, no objections to the Report of the United States Magistrate Judge will be filed.

The court concludes that the findings of fact and conclusions of law of the United States Magistrate Judge are correct and the Report of the United States Magistrate Judge is **ADOPTED.** An order granting application for attorney's fees will be entered separately.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: APPLICATION FOR ATTORNEY FEES

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law.[1]

### I. Nature of the Case; Proceedings

This action initially sought judicial review of a decision of defendant, Commissioner of Social Security Administration (Commissioner), denying an application for social security disability benefits. The court has jurisdiction under 42 U.S.C. § 405(g).

On August 10, 2006, the court reversed the Commissioner's decision and entered final judgment, remanding this action to the Commissioner for further consideration. Dkt. 22. The order of remand

constituted a final judgment. *See Shalala v. Schaefer,* 509 U.S. 292, 301, 113 S.Ct. 2625, 2631, 125 L.Ed.2d 239 (1993).

### II. Application for Attorney's Fees

Now before the court is plaintiff's post-judgment "Application for Attorney Fees under Equal Access to Justice Act" (Dkt. 23). The Equal Access to Justice Act (EAJA) is codified at 28 U.S.C. § 2412, et seq. Through the motion, a supporting brief and attached exhibits, plaintiff requests an award of $5,586.69. This sum consists of 35.5 hours of professional attorney time at $125.00 per hour, "adjusted to account for cost of living increases as reflected by the consumer price index." Dkt. 23, p. 1. Plaintiff proposes a series of adjustments to the statutory fee, reflecting increased fees for *each month* in which legal work was performed.

■ Defendant has not opposed the motion within the time allocated. *See* Local Rule CV–7(e) (allowing a party 12 days to respond if the motion is opposed). If the non-moving party fails to oppose a motion in the manner set forth in the local rules, the court will assume that the party has no opposition. *See* Local Rule CV–7(d); *see also Guilbeaux v. 3927 Found., Inc.* 177 F.R.D. 387, 389 (E.D.Tex., 1998).

### III. Standards for Attorney Fee Awards

The Equal Access to Justice Act empowers district courts to award attorney's fees to parties who prevail in litigation against the United States. Pursuant to 28 U.S.C. § 2412(d)(1)(A), attorney fees, costs, and expenses shall be awarded to a prevailing party opposing the government unless the position of the United States was substantially justified or special circumstances make an award unjust.[2]

---

1. *See* 28 U.S.C. § 636(b)(1)(B) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

2. The statute states:
   "[A] court shall award to a prevailing party other than the United States fees and

While the statute makes an award of attorney's fees mandatory absent special circumstances or a showing that the position of the United States was substantially justified, Section 2412(d)(2)(A)(ii) directs that attorney fees not be awarded in excess of $125.00 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.[3]

## IV. Discussion

■ When United States district courts remand actions under sentence four of Section 405(g), the plaintiff (claimant) is a prevailing party for EAJA purposes. *Shalala v. Schaefer,* 509 U.S. at 301, 113 S.Ct. 2625. Consequently, plaintiff in this action is entitled to an award of attorney's fees, expenses and costs of court absent special circumstances or a showing that the position of the United States was substantially justified. No special circumstances appear in this case, and the Commissioner has not offered any proof or argument suggesting that the position of the United States was substantially justified. Indeed, the Commissioner has not responded to the motion.

The attorney time submitted by plaintiff is reasonable. However, plaintiff seeks an award for attorney time at a rate exceeding the $125 per hour statutory maximum. The requested rate ranges from $154.04 to $161.58. Dkt. 23, Exh. A. Thus, the court must determine whether an increase in the cost of living or another special factor justifies a higher fee.

■ Plaintiff's counsel proffers a Consumer Price Index report compiled and published by the U.S. Bureau of Labor Statistics as proof of an increase in the cost of living. Such CPI reports routinely are recognized as proof of cost of living increases that justify awarding attorney's fees in excess of the $125 maximum statutory rate. *See Sandoval v. Apfel,* 86 F. Supp 2d 601, 614 n. 23 (N.D.Tex.2000) (awarding attorney's fee at $131.25 per hour); *Beck v. Commissioner,* No. 1:05cv116 (E.D.Tex. Mar. 15, 2006) (awarding attorney fees at $152.40 per hour); *Campbell v. Commissioner,* No. 1:04cv130 (E.D.Tex. July 6, 2005) (awarding attorney fees at $150.01 per hour); *Acy v. Commissioner of Social Security,* No. 6:99cv433 (E.D.Tex. May 8, 2000) (awarding attorney fees at $135.00 per hour). When awarding excess compensation, courts generally compare the CPI index for the region where services were performed as it existed when the statutory maximum hourly rate was first established with that index as it exists when professional legal services were provided. If the comparison reflects an increase over the base rate, the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase.[4]

---

other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A) (2000).

3. "(A)ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited avail-

ability of qualified attorneys for the proceedings involved, justifies a higher fee."

28 U.S.C. § 2412(d)(2)(A)(ii) (2000).

4. Typically, excess fee applicants calculate requested fees by using the 1996 *annual* CPI index as the base factor (mathematically the "divisor" or "denominator") and the *annual* CPI index for the year in which professional services were rendered as the comparison factor (mathematically, the "dividend" or "numerator"). The quotient derived from dividing the comparison factor by the base factor is then multiplied by $125 to produce an hourly rate adjusted for cost of living increases.

In this action, plaintiff's counsel resides and practices law in Beaumont, Texas, an urban area. Plaintiff relies on the CPI index for "South urban" areas printed on September 9, 2006. *See* Dkt. 23, Exh. B. That index is appropriate for use in this case.

Plaintiff's counsel seeks continual adjustments of the hourly rate corresponding to *monthly* CPI index changes for every month in which legal work was performed, using as a base index level the exact *month* in which the statutory maximum fee was increased from $75 to $125 per hour, i.e., March of 1996, as opposed to the 1996 *annual* index level. Dkt. 23, Ex. A. This court previously approved this method of calculating cost-of-living increases of attorney fees. *See Chargois v. Barnhart,* 454 F.Supp.2d 631 (E.D.Tex.2006); *see Allsbury v. Barnhart,* No. 1:05cv280 (E.D. Tex. filed Apr. 11, 2005) ("Order Granting Application for Att'y Fees," Dkt. 27).

### RECOMMENDATION

Plaintiff's application for attorney's fees should be granted. The court should order the Commissioner of Social Security to pay Steven Packard, counsel for plaintiff, an attorney fee under the Equal Access to Justice Act in the amount of $5,586.69.

### OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objection to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). However, the Commissioner does not oppose the relief requested by plaintiff. Therefore, the court may act on the report and recommendation immediately.